UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ERIC GREEN,

                Plaintiff,

v.                              Case No. 3:02-cv-70-J-99MMH

WILLIAM HALL,

                Defendant.

_____

**ORDER**

      Plaintiff's August 8, 2005, Notice of Withdrawal of Settlement Agreement and Intent to Proceed to Trial (Doc. #122) and August 17, 2005, Notice of Withdrawal of Settlement Agreement and Intent to Proceed to Trial (Doc. #123) are construed to be motions for relief from the settlement agreement and the dismissal of the case. Plaintiff asserts that he was under the impression that Assistant Attorney General Caryl Kilinksi was an impartial mediator for the settlement negotiations.  Further, he asserts that she agreed to two conditions:  (1) that Plaintiff would receive a check in person and be free to endorse it over to whomever he chose, and (2) that Plaintiff was free to withdraw from the settlement agreement at any time prior to accepting the settlement check.  Plaintiff now complains that Ms. Kilinski violated the terms and conditions of the settlement agreement by failing to furnish Plaintiff with a copy of the signed agreement and by failing to furnish Plaintiff with a settlement check, instead, depositing the $5,400.00 directly

into his inmate trust fund account.   Plaintiff seeks to withdraw from the settlement agreement and to proceed to trial.

Defendants, on September 21, 2005, filed their Response to Plaintiff's Motions for Relief (Doc. #126) (hereinafter Response). In the Response, Defendants state that on June 17, 2005, the parties reached a settlement agreement and Plaintiff executed a Release of All Claims.   Plaintiff agreed to dismiss this action, along with other claims outside of this action, for the consideration of $5,400.00.  On July 8, 2005, two checks from the State of Florida in the amount of $2,700.00 each were deposited in Plaintiff's inmate account.   On July 28, 2005, Defendants' Notification of Settlement was filed with the Court.

The Defendants have attached to their Response a copy of the Release of All Claims.   Therein, it states that Plaintiff releases his claims for consideration of $5,400.00.   It further states:

> The undersigned expressly represents that no promise, inducement or agreement not herein expressed has been made to the undersigned and that this Release contains the entire agreement between the parties hereto, and that the terms of this Release are contractual and not a mere recital.

Exhibit A, Release of All Claims, attached to the Response.

Caryl Kilinski, in her Affidavit, attests that she introduced herself an Assistant Attorney General, as Bureau Chief of Corrections Litigation, as supervisor of Mr. Hiers and Mr. Callaghan, and as counsel representing the Defendants.   She states

2

that she never suggested that she was acting as a mediator.   She further attests that Mr. Green actively participated in the settlement negotiations.   She states that Mr. Green was offered $5,000.00.   He was informed that any outstanding liens on his inmate trust account would have to be satisfied out of this sum. Thereafter, Mr. Green agreed to dismiss all pending cases for the sum of $5,400.00.

Ms. Kilinski attests that she read each page of the release to Mr. Green, asking if he had any questions and if he agreed to the terms and conditions of the release.   She states that she never agreed that Mr. Green would not have to pay outstanding liens or that he could bypass deposit of the funds into his inmate bank account nor did she agree that Mr. Green could withdraw from the executed agreement any time prior to receiving a check.

Upon review and consideration of the documents before the Court, the Court finds that Plaintiff has not shown good cause why the case should be reopened for further proceedings.   The amount of $5,400.00 was deposited in Plaintiff's inmate trust fund account on July 8, 2005.   Exhibit D, attached to the Response.   Plaintiff received all of the consideration to which he was entitled under the settlement agreement.   Ms. Kilinski attests that she did not represent herself to be a mediator, but instead informed Mr. Green that she was an Assistant Attorney General.

It appears that the Plaintiff is now dissatisfied with the settlement agreement because he had a lien on his account and a portion of his funds have been taken to satisfy the lien. Ms. Kilinski states that Mr. Green was informed during the settlement negotiations that any outstanding liens on his inmate trust account would have to be satisfied out of this sum.

In light of the above, it is now

**ORDERED:**

Plaintiff's August 8, 2005, Notice of Withdrawal of Settlement Agreement and Intent to Proceed to Trial (Doc. #122) and August 17, 2005, Notice of Withdrawal of Settlement Agreement and Intent to Proceed to Trial (Doc. #123), construed to be motions for relief from the settlement agreement and the dismissal of the case, are **DENIED.**

**DONE AND ORDERED** at Jacksonville, Florida this  27th  day of September, 2005.

JOHN H. MOORE II
United States District Judge

sa 9/22
c:
Eric Green
Ass't A.G. (Callaghan)
Ass't A.G. (Kilinski)

4